UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**ERIC LEE LOPEZ**                                      **CIVIL ACTION NO:** 1:22-cv-458

**VERSUS**                                              **JUDGE:**

**GENERAL MOTORS, LLC**                                 **MAG. JUDGE:**

## COMPLAINT

**Eric Lee Lopez** ("Plaintiff"), a person of the age of majority who resides and is a citizen of the State of Texas, by and through his attorney, **Kevin R. Duck,** alleges the following against **General Motors, LLC** ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A § 2301, *et. seq*., breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, and Tex. Bus. & Com. Code § 2.314.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3.      This Court has personal jurisdiction over Defendant who conducts business in the State of Texas, including the Western District of Texas.

4.      Venue is proper in this district under 28 U.S.C. §1391 because the Defendant resides in the Western District of Texas;  is subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claim occurred in the Western District.

## PARTIES

5.      Plaintiff is an adult individual residing in McAllen, Texas.

6.      Defendant General Motors, LLC (hereinafter "GM" and/or Defendant) is a corporation qualified to do and regularly conducting business in the State of Texas, with a registered principal place of business located at 300 Renaissance Center, Detroit, Michigan 48265. Defendant is engaged in the manufacture, sale and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including the dealership where the Plaintiffs purchased the Vehicle and tendered the Vehicle for repairs.

## FACTUAL ALLEGATIONS

7.      On or about January 8, 2021 Plaintiff purchased a 2021 Silverado 1500 from Gillman Chevrolet of Harlingen in Harlingen, Texas bearing the Vehicle Identification Number 3GCPYFED3MG199018 (hereinafter the "Vehicle").

8.      At all times relevant hereto, the subject vehicle was registered in the State of Texas.

9.      The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $58,851.31.

10.      In consideration for the purchase of said vehicle, Defendant issued to the Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or

workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

11.    The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiff.

12.    The parties' bargain included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

13.    As a result of the ineffective repair attempts made by Defendant through its authorized agents, the vehicle's use, value and safety have been substantially impaired and Plaintiff is unable to utilize the vehicle for its intended purposes.

14.    The subject is afflicted with certain defects, conditions and non conformities related to the Vehicle's, suspension, driver side lifter, battery and radio software. In connection with those substantial non-conformities, Plaintiff presented the vehicle for repair.

15.    Plaintiff has delivered the Vehicle to Defendant's authorized service and repair facility, Fiesta Chevrolet, Inc, ("Service Facility") located in Edinburg, from July 5, 2021 to March 30, 2022 to remedy these concerns, which are covered by the warranty issued by Defendant.

> A.    July 5, 2021, where the odometer reflected 4,555 miles. The Vehicle's suspension was making a "clunking" noise. The Vehicle's suspension needed to be re-torqued. Plaintiff presented the vehicle for repair at a GM authorized dealership in connection with: suspension defects. The Defendant, through their authorized repair facility, attempted to repair the Vehicle.

B.      March 30, 2022, where the odometer reflected 13,321 miles. The Vehicle had

a misfire on one of it's cylinders. The Vehicle's suffered from low battery

voltage. The Vehicle's reverse camera was not working as intended and it's

radio software required an update. Plaintiff presented the vehicle for repair

at a GM authorized dealership in connection with: driver side lifter, engine,

battery, reverse camera, and radio software defects. The Defendant, through

their authorized repair facility, attempted to repair the Vehicle.

16.     Upon information and belief therein, the aforementioned defects identified herein,

existed at the time the Vehicle left the Defendant's control and are defects with materials and/or

workmanship and caused the Vehicle to be out of service for a minimum of 35 days.

17.     Upon information and belief, the vehicle remains in a defective and/or unreliable

state and is substantially impaired.

18.     Plaintiff no longer feels safe driving the subject vehicle and has lost confidence in

it by virtue of Defendant's failure to conduct repairs within a reasonable period of time, as promised.

## FIRST CAUSE OF ACTION
### Breach of Warranty Pursuant to the Magnuson-Moss
### Warranty Act, 15 U.S.C. § 2301, *et seq.*

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

20.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

21.     Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

22.     The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301 (6).

23.     15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

24.     15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

25.     Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs.

26.     Defendant has failed to remedy the Vehicle's defects identified herein within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the Vehicle.

27.     As a result of Defendant's conduct and/or failure to timely and/or properly repair the vehicle, Plaintiff has been and continues to suffer damages and is left with a vehicle that cannot meet their reasonable needs as marketed to them by Defendant.

28.     As a result of Defendant's actions, Plaintiff has been required to retain legal counsel to recover their damages as Defendant refused and continues to refuse to do so voluntarily.

29.     The Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(2) provides:

    a.     If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

30.     Plaintiff has afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

31.     As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and contracts, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

32.     Defendant's warranty was not provided to Plaintiff until after the Vehicle was delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

33.     Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees and costs are recoverable and are demanded against Defendant. Plaintiff respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

**SECOND CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss**
**Warranty Act, 15 U.S.C. § 2301, *et seq*. and Tex. Bus. & Com. Code § 2.314**

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     Defendant is a merchant with respect to motor vehicles.

36.     The Vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and Texas Bus. & C. § 2.314, running from the Defendant to the Plaintiffs.

37.     An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

38.     Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

39.     Indeed, the Vehicle suffered from suspension, driver side lifter, battery and radio software defects that prevented the Plaintiff from being able to properly use the Vehicle.

40.     The persistent defects identified herein are unreasonably dangerous because it can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby exposing the Vehicle's driver, passengers, and others who share the road with them to serious risk of accidents and injury or death.

41.     Plaintiff notified Defendant of the defects in the Vehicle within a reasonable time after Plaintiff discovered them.

42.     As a result of Defendant's breaches of the implied warranty of merchantability, Plaintiffs have suffered damages, including, but not limited to incidental and consequential damages, plus attorney fees and cost to recover same.

### PRAYER FOR RELIEF

**Wherefore, Eric Lee Lopez**, respectfully prays for judgment as follows:

a.     An order approving revocation of acceptance of the subject vehicle to include the "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

b.      Reasonable attorney's fees and costs and the determination of which damages, if allowed by law shall be trebled, in the event that Plaintiff prevails at a trial on the merits;

c.      As an alternative, if the merits justify same, an award for diminution in value;

d.      Incidental and consequential damages allowed by law;

e.      Any other relief this Honorable Court deems appropriate.

**RESPECTFULLY SUBMITTED:**

**DUCK LAW FIRM, L.L.C.**

/s/ Kevin R. Duck
**KEVIN R. DUCK (LA23043)**
5040 Ambassador Caffery Parkway
Suite 200
Lafayette, Louisiana 70508
Telephone: (337) 406-1144
Facsimile: (337) 406-1050

**DUCK LAW FIRM, LLC** (Texas Office)
440 Louisiana Street
Suite 900
Houston, Texas 77052
Telephone: (877) 902-1144

**Attorney-in-Charge for Plaintiff,**
**ERIC LEE LOPEZ**